## JORDAN & als. versus MUSSEY.

Construction of a deed.

ON REPORT from *Nisi Prius*, WELLS, J., presiding.
WRIT OF ENTRY.

The case will be readily understood from the opinion.

*Rand,* for the tenant.

*Poor & Adams,* for the demandants.

HATHAWAY, J. — A writ of entry, in which the heirs at law of Thomas Merrill, deceased, are the demandants. The plea is *nul disseizin,* and the question one merely of title.

In January, 1817, Thomas Merrill purchased of the Union

Bank, the lot of land in controversy, which is bounded easterly by a lot of flats formerly laid out to Theophilus Bradbury; northerly by Fore street; southerly by Commercial street, extending in width eight rods westerly from the Bradbury lot. On the 24th of December, 1817, he conveyed one undivided quarter of it to the tenant.

On the 30th of December, 1817, the tenant and Merrill, by indentures divided from the common estate, a strip fifty feet wide on Fore street, of which they by the same indentures made partition, conveying to Merrill a part of said strip eighty-four feet long on the easterly end of it, and the residue thereof to the tenant, up to a passage way, twenty feet wide on the west side of the lot, which passage way, was to be kept open from Fore street to the common estate forever. In the indentures it was also stipulated, that the residue of their interest in the premises, should be forever held in *common and undivided*, unless divided by the consent of all interested. Upon the lot, on Fore street, set apart and held in severalty by Merrill and the tenant, five brick stores were erected; one of them upon the tenant's lot, and four upon Merrill's, to one of which, adjacent to the tenant's store, and designated on the plan as "William Merrill's store," the tenant subsequently acquired title. The tenant became also, by mesne conveyance from Merrill, the owner of another undivided quarter of the *common estate*, exclusive of the fifty feet strip on Fore street.

In February, 1824, Merrill conveyed to the tenant and Charles Mussey, an undivided half of his easterly corner store, being twenty feet and seven inches wide on Fore street. Merrill *then* owned, of the fifty feet strip on Fore street, one undivided half of the easterly corner store; the whole of the two next westerly from it, and one half of the estate south of the fifty feet strip, which was held by the tenant and him in common and undivided, and upon which there were two wooden stores and a distillery; and in July, 1827, he executed a mortgage to the tenant and Charles Mussey of " one half part in common and undivid-

ed of a certain lot of land, wharf and flats and one moiety of the buildings thereon standing, consisting of a distillery and two stores, situated on the southerly side of Fore street, in said Portland, being part of the same land I purchased from the president, directors and company of the Union Bank at Boston, as by reference to their deed to me, will fully appear." Charles Mussey assigned his interest in the mortgage to the tenant, which was duly foreclosed.

What was conveyed by that mortgage? The rights of the parties in this suit depend upon the true answer to this question.

The tenant contends, that one undivided half of the common estate, and also one undivided half of Thomas Merrill's brick stores on Fore street were conveyed by it.

The demandants say, that the brick stores on Fore street constitute no part of the estate described in, and conveyed by the mortgage, which they alleged, conveyed a moiety of the estate held in *common and undivided* only, and did not include any portion of the strip, of which partition had been made, and such is the opinion of the Court. There is no ambiguity in the description of the land in the mortgage, it is indeed a very accurate description of the estate, which Merrill and the tenant held in common and undivided, exclusive of that part of the original lot, of which they had made partition.

The land was no less on the *southerly* side of the street, because the brick store lots intervened. If the brick stores had been included in the mortgage, they should, and probably would, have been described as bounded by Fore street. The buildings specified in the mortgage identify the lot of land conveyed. The distillery and two wooden stores were upon the lot of land described by the other language of the mortgage, making all its language harmonize in describing the lot owned in common, and not including any part of the lot, which had been separated from it. In regard to the deposition of Walker, it is immaterial whether it were admitted or not. The mortgage could not, by any construc-

tion, convey more than one half of those stores; and yet, according to Walker's testimony, the defendant was put into possession of the whole; showing clearly, that such entry *could not* have been warranted by this mortgage. His testimony, therefore, which was objected to, could have no effect to change its construction.

In April, 1844, the tenant became the owner of Charles Mussey's quarter of the easterly brick store, of which the tenant and demandants are owners as tenants in common. The demandants have established their title to one undivided half of the easterly brick store on Fore street, and to the whole of the two stores next to, and westerly from it, and, under the pleadings in the case, they are entitled to judgment for all those parts of the demanded premises, to which they have proved title. *Tenant defaulted.*

SHEPLEY, C. J., and HOWARD, RICE and CUTTING, J. J., concurred.